UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAMARA USHAKOVA, | |
| Plaintiff, | Case No. C06-5196RJB |
| v. | |
| AIG LIFE INSURANCE COMPANY, | |
| Defendant. | ORDER |

This matter comes before the Court on Defendant's Motion for Summary Judgment (Dkt. 9) and Defendant's Motion to Strike (Dkt. 23). The Court has considered the pleadings filed in support of and in opposition to these motions and the file herein.

## I. BASIC AND PROCEDURAL FACTS

On April 12, 2006, Plaintiff filed this case pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a) *et seq.*, alleging Defendant improperly denied payment of Aleksandr P. Ushakova's accidental death and dismemberment plan ("the plan") benefits. Dkt. 1. Both Plaintiff and Aleksandr P. Ushakova, her husband, were insured under the plan as a part of the employee benefit package accorded through Plaintiff's employment with Multicare Health System. Dkt. 20, at 2. The plan is underwritten by Defendant. Dkts. 13-2, 13-3, 13-7. The events underlying Plaintiff's claim for benefits are as follows.

On January 22, 2005, Mr. Ushakova was crossing Portland Avenue, a five lane road in Tacoma,

ORDER - 1

Washington, when he was struck by a car traveling northbound in the inside lane. Dkt. 13-4, at 10. Police reports indicate that the collision occurred around 10:00 p.m. and that Portland Avenue was wet. Dkt. 13-4, at 15. Mr. Ushakova did not use the cross walk. Dkt. 22-2, at 2.

The driver of the car, Mark Jensen, acknowledged having a glass of wine at dinner, though after field sobriety tests, police at the scene concluded that he did not appear to be under the influence of alcohol. Dkt. 13-4, at 19. Mr. Jensen stated that he and his wife, a passenger in the car, were lost when the accident occurred. Dkt. 13-4, at 19. Mr. Jensen stated that he "was looking at the middle of the road and at the lights at the intersection" just before the incident. *Id*. Mr. Jensen told police that he did not see Mr. Ushakova until his wife shouted that someone was in front of the car. Dkt. 13-4, at 19, 13-5 at 8. At that point, Mr. Jensen states that he hit his breaks, but because the road was wet could not stop before hitting Mr. Ushakova. Dkt. 13-5, at 8. Nothing in the record indicates that Mr. Jensen was exceeding the speed limit. A witness told police that he did not think that Mr. Jensen was speeding. Dkt. 13-4, at 15. Police at the scene determined that Mr. Jensen did not contribute to the accident. Dkt. 13-6, at 16-18. Pictures of the scene indicate that though the collision occurred at night, the road was well lit. Dkt. 22-2.

Mr. Ushakova was rushed to Madigan Army Medical Center, where he was pronounced dead. Dkt. 13, at 4. Mr. Ushakova's death certificate, dated the day of the incident (January 22, 2005), indicated that the cause of death was multiple injuries. Dkt. 13, at 15. The county medical examiner opined on January 28, 2005, that Mr. Ushakova died of multiple injuries "sustained as a pedestrian struck by a car." Dkt. 13-6, at 3. The medical examiner submitted samples of blood and urine for a toxicology analysis. *Id*. at 8. The Washington State Toxicology Laboratory Report, dated February 7, 2005, states that Mr. Ushakova's blood alcohol content measured 0.32g/100ml. Dkt. 13-6, at 11. The record indicates that "[t]he effect of a blood alcohol level of .32 is profound confusion, disorientation, marked incoordination, and marked decrease in response to stimuli." Dkt. 11, at 7.

On February 8, 2005, Plaintiff filed a claim for accidental death benefits under the plan. Dkt. 13-6, at 13. The plan provides that, "If Injury to the Insured Person results in death within 365 days of

ORDER - 2

the date of the accident that caused the Injury, the Company will pay 100% of the Principal Sum." Dkt. 13-2, at 10. The plan defines "Injury" as "bodily injury caused by an accident occurring while this Policy is in force as to the person whose injury is the basis of claim and resulting directly and independently of all other causes in a covered loss." Dkt. 13 -2, at 8. Defendant denied Plaintiff's initial claim (Dkt. 13-7, at 2-4) and her appeal (Dkt. 13-7, at 9-11) pointing to the plan's exclusionary provision regarding the use of intoxicants. The relevant exclusionary provision states: "[t]his policy does not cover any loss caused in whole or in part by or resulting in whole or in part from the following: . . . the Insured Person being under the influence of drugs or intoxicants, unless taken under the advice of a Physician." Dkt. 13-2, at 12. After Defendant denied Plaintiff's appeal she filed this suit. Dkt. 1.

Defendant makes the present motion for summary judgment arguing that 1) the standard of review prohibits submission of evidence outside the administrative record, 2) there are no issues of fact in the administrative record that Mr. Ushakova's death was not caused directly and independently of all other causes, and 3) policy language excludes loss caused in whole or in part by intoxicants. Dkt. 9. Plaintiff opposes the motion, arguing that 1) under Washington state law exclusionary provisions in insurance contacts are construed against the insurer, 2) interpretation of the contract requires a finding that Mr. Ushakova's death was a covered event, and 3) Mr. Ushakova's intoxication was not the proximate cause of his death. Dkt. 19. Defendant files a Reply, moving to strike two of Plaintiff's submissions because they were not a part of the administrative record, and argues that 1) based upon the administrative record, it is undisputed that intoxication was a contributory cause of Mr. Ushakova's death, 2) federal common law governs the interpretation of ERISA plans, and 3) Mr. Ushakova's death is not a covered loss because his fatal injuries were caused in whole or in part by his intoxication. Dkt. 23.

## II. DISCUSSION

This opinion will first address the standard of review applicable to Defendant's decision to deny Plaintiff's claim, then Defendant's Motion to Strike (Dkt. 23), and lastly Defendant's Motion for Summary Judgment (Dkt. 9).

ORDER - 3

### A.  STANDARD OF REVIEW OF DEFENDANT'S DECISION TO DENY BENEFITS

"[D]enial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Where an ERISA plan gives the plan administrator or fiduciary such discretion, a denial of benefits is to be reviewed only for an abuse of discretion. *Winters v. Costco Wholesale Corp.*, 49 F.3d 550, 552 (9th Cir. 1995), *cert. denied*, 516 U.S. 908 (1995). The administrator has to show that the plan unambiguously gives it discretionary authority in order to get judicial deference to its decision. *Kearney v. Standard Insurance Co.,* 175 F.3d 1084, 1089 (9th Cir. 1999)(*en banc*).

Although Defendant does not clearly identify itself as the as the plan's administrator, the letters denying Plaintiff initial claim and appeal make comments from which this is reasonably implied. Dkt. 13-7 at 2-4 and 9-10. For example, Defendant's letter denying Plaintiff's appeal states that the "denial of this appeal is a final plan administration decision." Dkt. 13-7, at 11. The first step in resolving these motions, then, is to determine whether the plan confers discretion on Defendant, and thus what standard of review is appropriate.

Defendant does not point out, nor is the Court aware, of a provision in the plan conferring discretion on Defendant to *"*determine eligibility for benefits or to construe the terms of the plan." *Firestone* at 115. The plan's "Claims Provisions" section provides that "[b]enefits payable under this Policy for loss other than loss for which this policy provides any periodic payment will be paid immediately upon the Company's receipt of due written proof of the loss." Dkt. 13-2, at 2. The phrase "due written proof of the loss" is subject to various interpretations, and the plan does not indicate who judges whether the proof of loss is adequate. The phrase is therefore ambiguous, and does not grant the Defendant discretion either to "determine eligibility for benefits or to construe the terms of the plan." *See Kearney v. Standard Insurance Company*, 175 F.3d 1084, 1089 (9th Cir. 1999)(finding the phrase "satisfactory written proof" in ERISA plan ambiguous and therefore did not grant administrator

ORDER - 4

1 discretion).  Accordingly, review of Defendant's decision to deny Plaintiff's claim will be reviewed *de*
2 *novo*.

3       **B.**    **MOTION TO STRIKE**

4       Defendant moves to strike the Declaration of John Hunter and the Affidavit of Tamara
5 Ushakova, arguing that "the parties cannot submit evidence outside the administrative record to the
6 Court in this case" citing *Kearney* at 1090-91.  Dkt. 23.  Defendant's argument is misplaced.  "While
7 under an abuse of discretion standard [the] review is limited to the record before the plan administrator,
8 this limitation does not apply to *de novo* review" of an ERISA plan administrator's decision.  *Jebian v.*
9 *Hewlett-Packard Company Employee Benefits Organization Income Protection Plan,* 349 F.3d 1098,
10 1110 (9th Cir. 2003).  When engaged in a *de novo review*, a district court may exercise its discretion to
11
12 allow evidence that was not before the plan administrator.  *Mongeluzo v. Baxter Travenol Long Term*
13 *Disability Benefit Plan,* 46 F.3d 938, 944 (9th Cir. 1995).

> 14 The district court should exercise its discretion, however, only when circumstances
> 15 clearly establish that additional evidence is necessary to conduct an adequate *de novo*
> review of the benefit decision. In most cases, where additional evidence is not necessary
> for adequate review of the benefits decision, the district court should only look at the
> 16 evidence that was before the plan administrator at the time of the determination.

17 *Id.*  In *Kearney* the Ninth Circuit found that the court below did not abuse its discretion by not admitting
18 evidence outside the administrative record, but did not hold that a district court could not ever admit
19 evidence outside the administrative record.  *Kearney* at 1091.
20
21       The central issue in this matter appears to turn on the interplay of the plan's provision regarding
22 what constitutes a covered injury and an exclusionary provision.  The plan defines "Injury" as "bodily
23 injury caused by an accident occurring while this Policy is in force as to the person whose injury is the
24 basis of claim and resulting directly and independently of all other causes in a covered loss."  Dkt. 13 -2,
25 at 8.  The relevant exclusionary provision states that:  "[t]his policy does not cover any loss caused in
26 whole or in part by or resulting in whole or in part from the following:  . . . the Insured Person being
27 under the influence of drugs or intoxicants, unless taken under the advice of a Physician."  Dkt. 13-2, at
28 12.  Parties dispute whether Mr. Ushakova's death was "caused by an accident . . . resulting directly and

ORDER - 5

independently of all other causes in a covered loss." Likewise, parties dispute whether Mr. Ushakova's death was "caused in whole or in part by or result[ed] in whole or in part" because of his intoxication. For the purposes of the motion to strike, the circumstances do not clearly establish that additional evidence is necessary. As further explained below, there are issues of fact, found within the administrative record, which require denial of the summary judgment motion. Defendant's motion to strike should be granted. Whether additional evidence, beyond the administrative record, should be admitted at trial is not now before the Court.

    C.    **SUMMARY JUDGMENT**

        1.    <u>Standard</u>

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving

ORDER - 6

party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).  Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed."  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

### 2. Denial of Benefits

Uniform federal common law governs the interpretation of ERISA contracts.  *Evans v. Safeco Life Ins. Co.*, 916 F.2d 1437, 1439 (9th Cir. 1990).  Plaintiff's arguments to the contrary are misplaced.  Terms in ERISA insurance policies are interpreted in an ordinary and popular sense as would a person of average intelligence and experience.  *Id*. (*internal quotations omitted*).

Defendant's Motion for Summary Judgment should be denied because there are genuine issues of fact as to whether Mr. Ushakova's death was "caused in whole or in part by or result[ed] in whole or in part from" his being under the influence of alcohol.  There are issues of fact as to whether Mr. Ushakova's death was "caused by an accident . . . resulting directly and independently of all other causes in a covered loss."  Although the administrative record indicates that Mr. Ushakova's was very intoxicated, and that the effects of such intoxication are significant, the police records also indicate that the driver of the car was lost, and did not see Mr. Ushakova until he was half way in front of the car despite the fact that the area was well lit.  Whether Mr. Ushakova's death was "caused in whole or in part by or result[ed] in whole or in part from" his being under the influence of alcohol is an issue of disputed fact, and therefore Defendant's Motion for Summary Judgment should be denied.

To the extent that Plaintiff makes a motion for summary judgment in her Response, it should be denied.  There are genuine issues of fact, precluding summary judgment for either party.  Furthermore, Plaintiff failed to follow the Western District of Washington Local Rules of Civil Procedure in attempting to move for summary judgment.

/

ORDER - 7

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Defendant's Motion to Strike (Dkt. 23) is **GRANTED**, and
- Defendant's Motion for Summary Judgment (Dkt. 9) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 28th day of August, 2006.

*/s/ Robert J. Bryan*
Robert J. Bryan
United States District Judge